**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**


**GEORGE CURRY HUDSON,**

> **Plaintiff,**

**vs.**                                                            **Case No. 5:04cv109-LAC/WCS**

**MONICA WETZEL, et al.,**

> **Defendants.**

_____/


**O R D E R**

Plaintiff, a *pro se* inmate, filed a second amended complaint.  Doc. 20.  As Plaintiff was granted leave to proceed *in forma pauperis*, doc. 9, a review of the second amended complaint pursuant to 28 U.S.C. § 1915A has been completed.  The document is still insufficient to state a claim upon which relief may be granted.  Plaintiff will be given one final opportunity to submit a viable complaint.

Plaintiff must present all factual allegations in separately numbered paragraphs as it is essential that the facts related to each Defendant be set out clearly and in detail.  Pursuant to Rule 10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of

circumstances."  Fed. R. Civ. P. 10(b).  In its present form, the complaint could not be appropriately responded to by the Defendants.

Plaintiff is contesting the results of a disciplinary hearing in which he alleges he was issued the disciplinary report and found guilty as a sanction designed "to punish Plaintiff for his use of the administrative remedy process."  Doc. 20, p. 8.  Plaintiff contends that "Defendants refused to accept Plaintiff's proof of his innocence."  *Id.* Plaintiff also contends that he was denied due process in the hearing, however, Plaintiff has not alleged that any of the procedural due process rights as established in Wolff v. McDonnell, 418 U.S. 558, 94 S.Ct. 2963, 41 L.Ed.2d 706 (1974), were violated.

Plaintiff was previously advised that procedural due process requires only "minimal due process" which is written notice of the charge, an opportunity to present evidence, and a written statement of the reasons for the action and basis for the decision.  Plaintiff has not alleged that any of those requirements were violated.

Additionally, due process requires only that there be "some evidence" to support the disciplinary team's findings.  Superintendent, Massachusetts Correctional v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985).  So long as there is some evidence, it does not matter that the team did not accept Plaintiff's evidence.

Plaintiff will be given one final opportunity to present a viable complaint.  Plaintiff must show that the procedural due process rights as established in Monell were violated.  If Plaintiff believes that a member of the disciplinary team was biased because of his or her capacity as a unit manager or some other role, those facts should be more clearly explained.  Plaintiff is advised, however, that he may not sue Defendants simply because he disagrees with the findings of the disciplinary team.

Moreover, in presenting the facts supporting a due process violation, Plaintiff must show that he lost gain time or suffered some other cognizable injury.  "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law."  Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 2301, 132 L. Ed. 2d 418 (1995).  Thus, absent an "atypical, significant deprivation" or some affect on the duration of sentence, there is no liberty interest implicated by placement in disciplinary confinement for 30 days.  115 S. Ct. at 2301-02.  In other words, Plaintiff must show he had a protected interest such that the Due Process Clause was triggered.  Because Plaintiff indicates he did not lose gain time, Plaintiff must necessarily show that he suffered an "atypical, significant deprivation," to bring in the protections of the Due Process Clause.

Finally, as previously advised, Plaintiff has alleged that the incident report and sanctions were designed "to punish Plaintiff for his use of the administrative remedy process."  Doc. 8, p. 9.  However, Plaintiff has not explained what grievance Plaintiff filed that would trigger the alleged retaliation, who the grievance was against, how Defendants know of the grievance, and which Defendants committed the alleged First Amendment violation.  In submitting a third amended complaint, Plaintiff should specifically state the circumstances which lead him to believe the Defendants had knowledge or were aware of Plaintiff's actions or communications which precipitated the retaliation.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. Plaintiff must name as Defendants only those persons who are responsible for the

alleged constitutional violations.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, and each factual allegation shall be made in short, direct statements, in separately numbered paragraphs.  Plaintiff may not present conclusory and vague allegations, but he must state the facts which support the legal conclusions Plaintiff reaches.

To amend, Plaintiff must completely fill out a new civil rights complaint form, marking it "Third Amended Complaint."  The third amended complaint must contain all of Plaintiff's allegations and should not in any way refer to previous versions of the complaint which are disregarded upon the filing of an amended complaint.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the third amended complaint containing his original signature with the Court and keep an identical copy for himself.  Plaintiff shall not file service copies until instructed to do so.

Accordingly, it is **ORDERED:**

1.  The Clerk of Court shall forward to Plaintiff a civil rights complaint form for use by federal prisoners so that Plaintiff can file a third amended complaint.

2.  Plaintiff shall have until **May 27, 2005**, to file the third amended complaint, which shall be typed or clearly written and submitted on court forms.

3.  **Failure to comply with this court order will result in a recommendation of dismissal of this action.**

4.  The Clerk of Court shall return this file to the undersigned upon receipt of Plaintiff's third amended complaint or no later than May 27, 2005.

**DONE AND ORDERED** on April 22, 2005.

Case No. 5:04cv109-LAC/WCS

**s/     William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**